IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUMBERTO IBARRA,<br><br>        Petitioner,<br><br>    v.<br><br>MEDICAL,<br><br>        Respondent. | NO. SACV 26-0704-DSF (AGR)<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE TO FILING A CIVIL RIGHTS ACTION** |

For the reasons discussed below, the Court summarily dismisses the Petition for Writ of Habeas Corpus without prejudice to the filing of a civil rights action.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner was apparently incarcerated in the Orange County Central Men's Jail on a violation of parole. (Petition, Dkt. No. 1 at 2, 6.)[1] Petitioner alleges the facility delayed his medications for a skin condition and drug addiction. (*Id.* at 7.)

---

[1] Citations are to the page and docket numbers generated by the Case Management Electronic Case Filing ("CM/ECF") system in the header of each document.

1

On February 26, 2026, Petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.)

**II.**

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Here, summary dismissal is warranted.

A challenge of the fact or duration of confinement which, if successful, would result in immediate or speedier release falls within the "core" of habeas corpus.  *See Preiser v. Rodriguez*, 411 U.S. 475, 487-500 (1973); *Nettles v. Grounds*, 830 F.3d 922, 927-29 (9th Cir. 2016) (en banc).

Petitioner does not challenge his conviction, sentence, or the duration of his confinement.  Instead, he challenges the delays in his medications.  (*Id.* at 7.)

Accordingly, Petitioner's claims are not cognizable in federal habeas and must be brought, if at all, as a civil rights action.  *See Skinner v. Switzer*, 562 U.S. 521, 535 n.13 (2011) ("[W]hen a prisoner's claim would not necessarily spell speedier release, that claim is not at the core of habeas corpus, and may be brought, if at all, under § 1983."); *Jones v. Newsom*, 2020 U.S. Dist. LEXIS 232561, *2-*3 (E.D. Cal. Dec. 9, 2020) (holding challenge to involuntary

administration of psychiatric medications does not fall within habeas corpus; collecting cases).

A federal court has the authority to construe a habeas corpus petition as a civil rights complaint under certain circumstances. *See Nettles*, 830 F.3d at 936. However, the Court declines to do so here for several reasons. The court's mail has been returned by the postal service as undeliverable. (Dkt. Nos. 4-5.) The Petition does not name the correct defendant and it is unclear whether Petitioner has exhausted his remedies. Differences in the procedures undertaken in habeas proceedings and civil rights actions, including the amount of filing fees and the potential restrictions on future filings, further counsel against converting the Petition into a civil rights complaint under 42 U.S.C. § 1983. The Court therefore will dismiss the habeas action without prejudice to Petitioner's ability to file a separate civil rights action under 42 U.S.C. § 1983.

### III.

### CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Petition for Writ of Habeas Corpus is dismissed without prejudice to Petitioner's ability to file a separate civil rights action.

DATED: May 21, 2026

_____
DALE S. FISCHER
United States District Judge